IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY XAVIER COFFIELD,         )<br>                                 )<br>          Plaintiff,             )<br>                                 )<br>     v.                          )   Civ. No. 04-233-SLR<br>                                 )<br>LT. STANTON, SGT. SHIRL          )<br>MORRIS, LT. BERNIE WILLIAMS,    )<br>and ANTHONY J. RENDINA,          )<br>                                 )<br>          Defendants.            ) | |

**MEMORANDUM ORDER**

**I.   INTRODUCTION**

Plaintiff Anthony Coffield is a pro se litigant who filed this action pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (D.I. 1, 2)  The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

**II.  STANDARD OF REVIEW**

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process.  First, the court must determine whether plaintiff is eligible for pauper status.  On May 4, 2004, the court granted plaintiff leave to proceed in forma pauperis. (D.I. 4)

Once the pauper determination is made, the court must then determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary

relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[1]  If the court finds plaintiff's complaint falls under any one of the exclusions listed in the statutes, then the court must dismiss the complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), the court must apply the Fed. R. Civ. P. 12(b)(6) standard of review.  See <u>Neal v. Pennsylvania Bd. of Probation and Parole</u>, No. 96-7923, 1997 WL 338838, *1 (E.D. Pa. June 19, 1997) (applying Rule 12(b)(6) standard as appropriate standard for dismissing claim under § 1915A).  Accordingly, the court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996).  Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which

---

[1] These two statutes work in conjunction.  Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  Section 1915A(a) requires the court to screen prisoner in forma pauperis complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The standard for determining whether an action is frivolous is well established.  The Supreme Court has explained that a complaint is frivolous "where it lacks an arguable basis either in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2] As discussed below, plaintiff's claims have no arguable basis in law or fact.  Therefore, his complaint shall be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

### III. DISCUSSION

Plaintiff filed this pro se lawsuit under 42 U.S.C. § 1983 alleging that termination of his employment in the main kitchen at Delaware Correctional Center violated his due process rights. (D.I. 2)  Plaintiff seeks reinstatement, removal of the disciplinary report from his record, placement in a mental health stress group, and compensatory and punitive damages.  (Id.) Dismissal of this lawsuit pursuant to §§ 1915(e)(2)(B)-1915A(b)(1) is appropriate because plaintiff has failed to state a claim under 42 U.S.C. § 1983.  In order to bring suit under § 1983, plaintiff must allege that a person acting under color of

---

[2] Neitzke applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 ("PLRA").  Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA.  Therefore, cases addressing the meaning of frivolousness under the prior section remain applicable.  See Prisoner Litigation Reform Act of 1995, Pub. L. No. 14-134, § 804, 110 Stat. 1321 (April 26, 1996).

state law deprived plaintiff of his constitutional rights. West v. Atkins, 487 U.S. 42, 48 (1988).

"Liberty interests protected by the Fourteenth Amendment may arise from two sources -- the Due Process Clause itself and the laws of the States." Hewitt v. Helms, 459 U.S. 460, 466 (1983). The Supreme Court has explained that liberty interests protected by the Due Process Clause are limited to "freedom from restraint" which imposes an "atypical and significant hardship in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Plaintiff's allegation that he was wrongfully removed from his job "by itself, is not sufficient to create a liberty interest, and [plaintiff] does not claim that another constitutional right (such as access to the courts) was violated." Smith v. Mensinger, 293 F.3d 641, 653 (3d Cir. 2002).

Likewise, neither Delaware law nor any other authority creates a liberty interest in the right to participate in a work or education program. See James v. Quinlan, 866 F.2d 627, 629-30 (3d Cir. 1989). Therefore, plaintiff cannot prevail on a claim for violation of a liberty interest created by the due process clause or State law. Thus, the court concludes that plaintiff's removal from his job was "within the normal limits or range of custody [his] conviction authorizes the State to impose." Meachum v. Fano, 427 U.S. 215, 225 (1976). Plaintiff's complaint is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-

1915A(b)(1).

**IV. CONCLUSION**

At Wilmington this 27th day of April, 2005 for the reasons set forth above;

IT IS ORDERED that plaintiff's complaint (D.I. 2) is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

                                                                                United States District Judge